W. W. FLEMMING and others, v. G. M. ROBERTS and others.

*Referee—Compliance with Order—Full Report.*

1. Where parties to an action agree to refer the matter in controversy to a Referee, their assent continues until the order of reference is complied with by a full report.

2. In such case an objection of one of the parties to a re-reference to the same Referee was properly overruled.

PETITION to restore a Record of the late Court of Equity, heard at Spring Term, 1877, of BUNCOMBE Superior Court, before *Furches, J.*

The case is sufficiently stated by Mr. Justice READE in delivering the opinion of this Court. His Honor in the Court below refused to grant the order prayed for in the petition of the plaintiffs and they appealed.

*Mr. W. N. H. Smith,* for plaintiffs.
*Messrs. J. H. Merrimon* and *T. F. Davidson,* for defendants.

READE, J. The guardian of the plaintiffs instituted a proceeding in equity some twenty years ago, to have their land

sold in order that the proceeds of sale might be put at interest. A sale was ordered and made by the Clerk and Master and a bond taken of the purchaser for the price, and a deed subsequently made to the purchaser by the Master. And the defendants are purchasers from the purchaser for value and without notice of any fraud or irregularity. So much is not disputed.

The plaintiffs allege that the Master made title deed to the purchaser without an order of Court and without having collected the money, and therefore they seek to follow the land, and to have it charged with the amount of sale and interest in the hands of the defendants.

But the defendants allege that at the time when the sale money fell due, the guardian of the plaintiffs, being desirous to invest the money at interest, agreed with the purchaser to lend the money to him upon bond and good sureties, which was consented to by the purchaser, and bond and sureties were given to the guardian for the amount, and thereupon the Master surrendered the purchaser's bond and made him a title deed; and that all this was done under the sanction and by the order and decree of the Court of Equity in that case.

Whether the allegation of the plaintiffs or the defendants was true, would of course appear by the record of the Court of Equity; but then the record had been destroyed by fire, so that it became necessary for the plaintiffs to file a petition in the Superior Court under the statute, (Bat. Rev., ch. 14, § 14,) to set up the destroyed record; and that is the matter now before us.

When the petition and answer were in, it was by consent referred to a person named to take testimony and find the facts, and to report the facts and the testimony. The Referee reported, but his report not being full, it was recommitted and a second report was made. And thereupon His Honor hearing the case upon the report and the facts

FLEMMING *v.* ROBERTS.

found by the Referee and the testimony, found the facts to be as alleged by the defendants. And the Referee having reported the record, it was ordered by His Honor to be recorded as *the* record of the case. From this the plaintiffs appealed to this Court, assigning for error:

1. That the second reference was without the consent and against the will of the plaintiffs. The answer to that objection is, that the first reference was by the express consent of both parties, and that assent continued and could not be revoked by one party until the order of reference was complied with by a full report. Furthermore, the record does not show that there was any objection to the re-reference ; and a party is never justified in stating what is not true in his exceptions in order to put His Honor in the wrong.

2. That the facts found are not justified by the evidence, but are against the weight of the evidence. The question, being whether there was or was not a record and *what* it was, was the office of *the Court* to determine. The reference could only be to aid His Honor in gathering the testimony. We should think the evidence fully justified His Honor's finding of the facts even if it were our office to review His Honor in that particular, as we do not think it is upon the weight of evidence. There is no force in the other exceptions.

No error. This will be certified.

PER CURIAM.                Judgment affirmed.