BANK OF ROSE HILL et al. v. A. McL. GRAHAM, Administrator of JOHN A. BANNERMAN, Deceased, and the FIDELITY AND DEPOSIT COMPANY OF MARYLAND.

(Filed 26 March, 1930.)

1. **Principal and Surety B d—Provision in bond that it should be void if defalcation were settled without surety's consent is binding.**

Under an express stipulation in a bond indemnifying an employer against loss through the dishonesty of his employee, that if the employer settled or compromised such loss without the consent of the surety the

surety bond was to become void from the beginning, a settlement by the employer with the employee in violation of the provision releases the surety from liability.

**2. Same—Settlement of bank officer's defalcation by cashier is settlement by bank.**

Where a cashier of a bank misappropriates funds of the bank, and the defalcation is discovered by the assistant cashier, who has succeeded to the duties of the cashier, and the latter effects a settlement with the former without the surety's consent, by which the defalcation is made good and the proceeds turned over into the assets of the bank, such settlement is regarded as a settlement or compromise by the bank of a loss which might have become the basis of a claim against the surety and renders the surety bond void in accordance with an express provision therein it should be void if settlement were made without the surety's consent, and the fact that the assistant cashier had not called the defalcation and settlement to the attention of the directors of the bank is immaterial.

**3. Reference C b—Where findings of referee are not excepted to they are conclusive.**

Unexcepted to findings of fact by a referee are conclusive both in the Superior Court and in the Supreme Court on appeal.

**4. Appeal and Error J e—Where plaintiff is not entitled to recover in any event, refusal to submit issues to jury is not error.**

Where the plaintiff is not entitled to recover of a surety in any event, the refusal of the trial court to submit issues as to the surety's liability, tendered by the plaintiff and based on his exceptions to the referee's report, is not error, the answers to the issues being immaterial.

APPEAL by plaintiff from *Daniels, J.,* at August Term, 1929, of DUPLIN. Affirmed.

This is an action on a bond in the sum of five thousand dollars, dated 25 April, 1925, and executed by John A. Bannerman, as principal, and the Fidelity and Deposit Company, as surety.

The bond is payable to the plaintiff, Bank of Rose Hill, and is conditioned for the faithful and honest performance by John A. Bannerman, the principal, of his duties as cashier of the said bank.

Among other provisions and stipulations contained in said bond is the following:

"Section 6. If the employer shall sustain any loss that might be made the basis of a claim hereunder, and shall settle or compromise such loss with the employee without first securing the consent of the surety to such settlement or compromise, this bond shall thereupon become void from the beginning."

The plaintiff alleges in its complaint that while the bond sued on in this action was in force, John A. Bannerman, the principal therein, as its cashier, fraudulently misapplied and converted to his own use, money belonging to the plaintiff, the obligee in said bond, of the aggregate

amount of $6,756.43, thereby causing plaintiff a loss of said amount. This allegation is denied in each of the answers filed by the defendants.

The defendant, the Fidelity and Deposit Company of Maryland, further alleges in its answer, that after the execution of said bond, plaintiff settled with the said John A. Bannerman, its cashier, a loss which the plaintiff had sustained in the sum of $5,000, which might have been made the basis of a claim under said bond, without first securing the consent of said defendant, and that by reason of such settlement the bond is now and has been at all times since its execution, void, as stipulated and provided in section 6 of said bond. This allegation is denied in the reply filed by the plaintiff.

The action was referred, without the consent of the parties, for the trial of the issues raised by the pleadings. The plaintiff and each of the defendants duly excepted to the order of compulsory reference, each thereby reserving its right to a trial by jury of the issues of fact raised by the pleadings. C. S., 573.

The report of the referee, containing his findings of fact, and his conclusions of law, with exceptions thereto duly filed by the plaintiff, and by the defendant, the Fidelity and Deposit Company of Maryland, came on for hearing at August Term, 1929, of the Superior Court of Duplin County. The defendant, A. McL. Graham, administrator of John A. Bannerman, deceased, filed no exception to the report of the referee, either to his findings of fact or to his conclusions of law.

Upon his findings of fact, the referee concluded that plaintiff is entitled to recover of the defendant, A. McL. Graham, administrator of John A. Bannerman, deceased, the sum of $6,756.43, with interest and costs; and that plaintiff is entitled to recover of the said defendant, A. McL. Graham, administrator of John A. Bannerman, deceased, the principal in the bond sued on in this action, and of the defendant, the Fidelity and Deposit Company of Maryland, the surety in said bond, the sum of $56.43, with interest.

Both the plaintiff and the defendant, the Fidelity and Deposit Company of Maryland, duly filed exceptions to certain findings of fact, and conclusions of law, set out in the report of the referee. Plaintiff tendered issues upon its exceptions, and demanded that said issues be submitted to a jury for trial. Defendant, the Fidelity and Deposit Company of Maryland, moved for judgment on the referee's finding of fact, No. 11, contending that its exception to his conclusions of law No. 2 should be sustained.

The referee's finding of fact No. 11, to which there was no exception by the plaintiff, is as follows:

"11. That sometime during the year 1922, the said John A. Bannerman, while cashier of the Bank of Rose Hill, did, without the knowledge

or consent of said bank, abstract and misapply from the funds thereof the sum of $5,000, and to conceal said misapplication and prevent its showing in the bank's balances, made a false entry, or false entries, of withdrawal upon the account of Charles Teachey in said bank; that the shortage caused thereby in said account, as early as October, 1922, came to the knowledge of W. P. Mallard, then assistant cashier and performing the duties of cashier, and having in charge the general management of said bank, and Miss Lillian Rackley (now Mrs. A. E. Boney), a clerical employee of said bank, and of Joseph Howe, a special clerical employee of the bank for about two weeks, in October, 1922, neither of whom was a director of said bank; that said Mallard and Howe called said shortage to the attention of said John A. Bannerman, who gave no satisfaction to them about it; that this knowledge was not communicated to any director of the bank or any one else concerned with its affairs and management.

"That said Mallard and Howe arranged a conference about said shortage with J. R. Bannerman, the father of John A. Bannerman, on 30 January, 1923, at which no one was present except said Mallard, Howe, and the two Bannermans, and when and where the bank sheets showing the shortage were presented and the shortage disclosed to the said J. R. Bannerman, who thereupon paid to said Mallard, for the use and benefit of the Bank of Rose Hill, and to cover the shortage of John A. Bannerman in the account of Charles Teachey, $5,000 in cash, and by and through the connivance of all present the said bank sheets showing said account and shortage on the same, were completely destroyed; that a receipt was given by W. P. Mallard, as assistant cashier of said bank, for the said $5,000, the said receipt being set out in the evidence *verbatim;* the said sum so received was by said Mallard, assistant cashier, duly applied to the cover of said shortage and went into the assets of said bank, and so remains to this time; that no notice or knowledge of either the said shortage, or the said conference, payment or destruction of the said bank sheets ever came to any director or officer of said bank, or any one concerned with its affairs, except as above stated, until after this suit was commenced; that no notice or knowledge of any of the matters above stated, or any fact concerning said abstraction, shortage, false entries, conference, payment or destruction of said bank sheets, was ever given or communicated to the defendant, the Fidelity and Deposit Company of Maryland, until long after this action was commenced, and was never so communicated to said defendant by said bank, or any one on its behalf."

The referee's conclusion of law No. 2, to which the defendant, the Fidelity and Deposit Company of Maryland duly excepted, is as follows:

"2. That the notice and knowledge had by the assistant cashier and clerical force of the Bank of Rose Hill, of the various acts of dishonesty and misapplication of funds of said bank by John A. Bannerman, cashier of said bank, are not imputed to said bank, under the circumstances in this cause."

The foregoing conclusion of law was reversed, and upon the referee's finding of fact No. 11, it was ordered, considered and adjudged that plaintiff is not entitled to recover in this action of the defendant, the Fidelity and Deposit Company of Maryland.

The court declined to submit to the jury the issues raised by the exceptions of the plaintiff to the report of the referee. These issues involved only matters in controversy between the plaintiff and the defendant, the Fidelity and Deposit Company of Maryland. The plaintiff contends that there was error in certain findings of fact made by the referee, upon which he concluded that said defendant was not liable, as surety on the bond, to the plaintiff, for the full amount of its claim against the defendant, A. McL. Graham, administrator of John A. Bannerman, the principal in the bond.

Upon the findings of fact, and conclusions of law, in the report of the referee, to which there was no exception by the defendant, A. McL. Graham, administrator of John A. Bannerman, deceased, it was ordered, considered and adjudged that plaintiff recover of said defendant the sum of $6,756.43, with interest and costs.

From the judgment that it recover nothing in this action of the defendant, the Fidelity and Deposit Company of Maryland, the plaintiff appealed to the Supreme Court.

*Geo. R. Ward and Ward & Ward for plaintiff.*
*Isaac C. Wright for defendant.*

CONNOR, J. The determinative question involved in this appeal is whether, after the execution of the bond sued on in this action, and while the same, according to its terms, was in force, the plaintiff, Bank of Rose Hill, as employer of John A. Bannerman, its cashier, made a settlement with its said employee of the loss which it had sustained by reason of his default, and which might have been made the basis of a claim under the bond against the defendant, the Fidelity and Deposit Company of Maryland, the surety thereon. If this assistant cashier was authorized to make the settlement with its cashier, for the loss which the plaintiff had sustained by reason of the latter's default, then the settlement as found by the referee was made by the bank, and by reason of the stipulation and provision contained in section 6 of the bond, the bond was void from the beginning, and the surety is not liable to the

obligee for any default of the principal, without regard to whether such default occurred before or after the execution of the bond.

The facts with respect to the loss, and also with respect to the settlement, were found by the referee, and are fully set out in his report. There was no exception to these findings of fact. A finding of fact made by the referee, in the absence of an exception thereto, was conclusive on the hearing in the Superior Court, as it is on the appeal to this Court.

The settlement of the loss which the plaintiff had sustained by reason of the default of its cashier was made with said cashier, by the assistant cashier of the plaintiff. The assistant cashier did not undertake to compromise plaintiff's claim against the cashier for the amount of the loss. He demanded and received payment in full of the claim. Upon all the facts found by the referee in this case, the assistant cashier was authorized to make the settlement, which he did in good faith, and in the interest of the bank. Under the express provision of the bond, the settlement without the consent of the surety rendered the bond void from the beginning and released the surety from any and all liability thereunder to the obligee.

At the date of the settlement with him John A. Bannerman was the cashier of the plaintiff bank only in name. He had ceased to be the active cashier, and his duties and powers had devolved upon the assistant cashier, pending the election and qualification of his successor. Upon his discovery of the shortage in the account of a customer of the bank, which had occurred while the cashier was in active charge of the bank, it was the duty of the assistant cashier to demand and insist upon a settlement of the loss which the bank had sustained by the shortage. This he did in good faith. The money which he received in settlement of the claim against the cashier, was promptly applied to the payment of the loss. The failure of the assistant cashier to report the loss and the settlement to the directors did not affect the validity of the settlement. Upon the express provision of the bond, the effect of the settlement was to render the bond void from the beginning and to release the surety from any and all liability thereunder to the obligee.

There was no error in the refusal of the court to submit the issues presented by the plaintiff, based upon its exceptions to the report of the referee, to the jury. These issues involved only matters in controversy between the plaintiff and the surety. As there was no error in the judgment that plaintiff in no event is entitled to recover in this action of the surety, the answers to the issues are immaterial. The judgment is

Affirmed.