CITY OF SALISBURY v. GEORGE M. LYERLY AND HARTFORD
ACCIDENT AND INDEMNITY COMPANY.

(Filed 26 June, 1935.)

1. **Reference C b: Appeal and Error F a—Findings of fact by referee are
conclusive in absence of exceptions thereto.**

Where there are no exceptions to the findings of fact by the referee,
an appeal upon exceptions to his conclusions of law must be determined
in accordance with his findings of fact, the findings, in the absence of
exceptions thereto, being conclusive both in the Superior Court and in
the Supreme Court upon further appeal.

2. **Principal and Surety B c—Bond of individual as city treasurer held not
to cover default of such individual as city tax collector.**

The findings of fact by the referee, unexcepted to, were to the effect that
the same individual performed the duties of both city treasurer and city
tax collector, and that defendant was surety on his bond as city treasurer,
and that the city held another large bond in a different surety company
covering default of the individual in the capacity of city tax collector,
that the respective duties of the two offices were set forth by the city
council, and that the defalcations in suit were of moneys received by the
official in his capacity as city tax collector and not in his capacity as city
treasurer. *Held:* Since the duties of the two offices were separate and
distinct, the surety on the bond designating the official as city treasurer
cannot be held liable for defalcations of such officer in his capacity as city
tax collector, and upon the finding that the defalcations in suit were made
by the official in his capacity as city tax collector, defendant surety's
motion for judgment as of nonsuit should have been allowed.

3. **Same—**

Upon default of a public officer, there is a legal presumption that the
funds were misappropriated at the time of their receipt.

4. **Same—Acts of principal outside his official duties covered by his surety
bond cannot be made the basis of liability on the bond.**

Defendant was surety on a bond in which the principal was designated
as city treasurer. It appeared from the findings of fact by the referee
that the principal accepted the office of treasurer when he was still filling
the office of city tax collector. *Held:* The contention of the city in a suit
upon the bond that the principal vacated the office of city tax collector by
accepting the office of treasurer, and that all his official acts thereafter
were in the capacity as city treasurer, and therefore covered by the bond,
is untenable, for, even conceding that the office of city tax collector was
so vacated, the unauthorized acts of collecting taxes and fees, constituting
the moneys misappropriated, were not covered by the bond of the principal
as treasurer, it appearing from the findings that the duties of the treas-
urer were specifically defined by the city council, and that they did not
include the collection of taxes or fees of any kind; and *further held:*
That the defendant surety, in writing the bond in suit, had a right to
rely upon the designation of the duties of the principal as contained in the
minutes of the governing body of the city.

**5. Estoppel C b—An estoppel does not apply where everythng is equally well known to the parties.**

Defendant surety *is held* not estopped to deny liability on the bond of a city official in suit by having joined the city and another surety in bringing suit against the official in an attempt to recover the funds misappropriated, it appearing that defendant surety joined in the suit upon information furnished it by the city, that the facts were equally known to the city, and that therefore the surety's joinder in the suit against the official did not constitute a deception of the city in respect to the surety's liability on the bond.

APPEAL from *Stack, J.,* at September Term, 1934, of ROWAN. Reversed and remanded.

*J. W. Ellis and Stahle Linn for city of Salisbury, plaintiff, appellee.*
*A. J. Fletcher and Hayden Clement for Hartford Accident and Indemnity Company, defendant, appellant.*

SCHENCK, J. This was an action instituted by the plaintiff city of Salisbury against George M. Lyerly, as principal, and the Hartford Accident and Indemnity Company, as surety, upon certain bonds given to the city of Salisbury to secure an honest accounting of moneys coming into the hands of Lyerly. The bonds were surety not only for Lyerly but for other officers and employees of the city of Salisbury, and the position of Lyerly is therein designated as treasurer. The bonds were each conditioned as follows: "Now, therefore, if the said 'principals' shall, during the period beginning .. .... ......... ..., and ending..... . ......... ..., well and faithfully discharge all the duties and trusts imposed upon them by reason of their appointment or employment as said officers and/or employees, except as hereinafter limited, and honestly account for all moneys coming into their hands as said officers and/or employees, according to law, then this obligation shall be null and void; otherwise, to be and remain in full force and virtue." The first bond was for the period from 1 June, 1929, to 1 June, 1930, and the second for the period from 1 June, 1930, to 1 June, 1931, which was extended by "continuation certificate" from 1 June, 1931, to 1 June, 1932.

The case was referred by consent, and the referee heard the evidence and reported his findings of fact and conclusions of law, among the latter being that the evidence was insufficient to establish liability of the Hartford Accident and Indemnity Company, and that a motion for a judgment as of nonsuit made at the close of all the evidence by said indemnity company should be sustained, and that the plaintiff should recover of the defendant George M. Lyerly the sum of $17,748.25, with interest thereon, less a credit of $250.25. The plaintiff city appealed from the report of the referee, after having filed four exceptions to the

conclusions of law. No exceptions were filed to the findings of fact. When the case came on to be heard at term time, the judge of the Superior Court reversed the conclusions of law reached by the referee and entered judgment not only against the principal, Lyerly, but also against the surety, the defendant indemnity company, for the amount of $17,748.25, with interest, less $250.25. From this judgment the defendant Hartford Accident and Indemnity Company appealed to the Supreme Court, assigning as error the signing of the judgment as set out in the record. In an "agreement of counsel," signed by the judge, as to the case on appeal, the following appears: "As no exceptions were filed to the findings of fact by the referee, and no exceptions were filed on the referee's ruling on evidence, it is agreed that it is unnecessary to send up the referee's ruling on evidence as a part of the case on appeal."

Although the judgment of the Superior Court contains the following clause: "The plaintiff's exceptions to the referee's conclusions of law, numbered 1, 2, 3, and 4, are sustained and judgment given against both defendants, (and) any and all findings of fact and conclusions of law by the referee inconsistent with this judgment are hereby expressly reversed," since there are no exceptions to the findings of fact by the referee, the case must be determined upon such findings, as the Superior Court can affirm, modify, set aside, or disaffirm the report of the referee only upon the exceptions taken to it. *Wallace v. Benner,* 200 N. C., 124. The findings of fact made by the referee, in the absence of exceptions thereto, were conclusive on the hearing in the Superior Court, as they are on appeal to this Court. *Bank v. Graham,* 198 N. C., 530.

The referee's findings of fact establish that from 1 June, 1929, to 12 December, 1931, George M. Lyerly acted as both treasurer and city tax collector of the city of Salisbury, and that during this time he collected and failed to account for the sum of $17,748.25, less $250.25, and that during all of this period he was covered by the several bonds conditioned as hereinbefore set forth. These findings further establish that the city of Salisbury held an indemnity bond in the sum of $35,000 with the National Surety Company indemnifying said city against any failure to account for moneys collected by George M. Lyerly as city tax collector, and that this bond was in full force and effect from 2 June, 1928, to 2 June, 1930, and that in a purported settlement of liability under this bond the city was paid by the National Surety Company the sum of $13,480.68 on 11 November, 1932.

The referee's finding of fact numbered 17 is as follows: "The said Lyerly occupied the position of city tax collector during the entire period beginning 1 June, 1929, and ending 12 December, 1931, and collected all the sums shown on Exhibits 'A,' 'B,' 'C,' 'D,' 'E,' and 'F,' while acting as city tax collector, even though after 27 November, 1929,

he did so in violation of instructions of other city officials." The items shown by these exhibits were the items for which judgment was awarded.

The question presented to us is whether George M. Lyerly received the moneys, for which he failed to account, as treasurer or as tax collector, since if he received said moneys as treasurer the defendant indemnity company is liable to the plaintiff city in the sum of the judgment rendered by the Superior Court, and such judgment should be affirmed, but, on the other hand, if he received the moneys as tax collector, the said defendant indemnity company is not liable, and the judgment of the Superior Court should be reversed and the case remanded for judgment for the appellant in accord with the conclusions of law reached by the referee.

We hold, upon the findings of fact of the referee, particularly upon the finding numbered 17 above quoted, that his Honor erred in reversing the conclusions of law reached by the referee. This finding specifically states that Lyerly "collected all the sums" for which judgment was awarded "while acting as city tax collector." In the bonds upon which this action was instituted the defendant Lyerly is designated as follows: "Name, George M. Lyerly; position, Treasurer." We think this designation, when construed in the light of the fact that another indemnity bond for a large portion of the period involved was held by the city upon the same George M. Lyerly as tax collector, clearly establishes that the office of treasurer and the office of tax collector were separate and distinct. This distinction also appears from the finding of the fact that on 27 November, 1929, the city manager and city council set forth in detail in the minutes of the council the respective duties of the treasurer and of the tax collector. Since the duties of the two offices were separate and distinct, the defendant indemnity company could not be held liable for misappropriations of Lyerly as tax collector upon a bond indemnifying the city against misappropriation by Lyerly as treasurer.

From the findings of fact it appears that there were no shortages in the funds of Lyerly as treasurer, and that all of the shortages were in funds collected by him as tax collector. The legal presumption is that when funds collected are not paid upon demand, that such funds were misappropriated at the time of their receipt. *Gilmore v. Walker,* 195 N. C., 460; *Power Co. v. Yount, ante,* 182. Therefore, since the bonds upon which this action was instituted designated the principal as treasurer, the surety could only be held liable for misappropriation of the principal in the capacity of treasurer. "The contract as written, and not otherwise, fixes the rights and determines the liability of the surety. Sureties have a right to stand on the terms of their contract, and, having consented to be bound to the extent expressed therein, their liability must be found therein, and strictly construed." *Insurance Co.*

*v. Durham County,* 190 N. C., 58, and cases there cited.  In this case, in so far as it relates to liability for misappropriation of moneys collected as tax collector, the appellant might pertinently propound the question: "Is it so nominated in the bond?"

The appellee contends that since it appears from the findings of fact that Lyerly accepted the office of treasurer when he was still filling the office of tax collector, the latter office was *ipso facto* vacated, and that thereafter all the acts committed by Lyerly were committed by him as treasurer.  We think this contention is untenable.  If it be conceded that the acceptance of the office of treasurer vacated the office of tax collector, it is a *non sequitur* that the unauthorized acts of collecting taxes and license fees became the acts of Lyerly as treasurer, especially in view of the finding of fact that the duties of the treasurer were determined by the city manager and city council and placed upon the minutes of the council, and these duties consisted mainly in paying out funds by checks countersigned by the city manager.  The liability of a surety is limited to the official acts of the principal, and is by no means an undertaking against every act he may by chance commit, and the appellant, in writing the bonds in suit, had a right to rely upon the designation of the duties of Lyerly as treasurer, as contained in the minutes of the governing body of the city.  The duties of the treasurer are made more definite and distinct by the findings of fact that in the same minutes in which they are set forth the collection of taxes and license fees is made the specific duty of another city officer, namely, the cashier, and also in the same minutes the duties of the tax collector are likewise definitely and distinctly set forth and do not include the collection of taxes or fees of any kind, but are confined mainly to receiving tax returns, making tax reports, and keeping tax books.

The appellee further contends that the appellant is estopped to deny its liability upon the bonds in suit by reason of the appellant's having joined with the appellee and the National Surety Company in a former action against Lyerly and his wife for the appointment of a receiver and the recovery of funds misappropriated by him as treasurer and as tax collector.  We think this contention is also untenable, since it appears from the findings of fact that the appellant in joining such action did so upon information furnished it by the appellee, or furnished its agents by the appellee's agents.  As was written by *Shepherd, J.,* in *Estis v. Jackson,* 111 N. C., 145, ".   .   . in order to work an estoppel *in pais,* 'there must be conduct—acts, language, or silence—amounting to a representation or a concealment of material facts,' and that 'the truth concerning these facts must be unknown to the party claiming the benefit of the estoppel.'  2 Pom. Eq., 264.  'The estoppel is removed by proof that the party claiming its existence, even though

mistaken in regard to his rights at law, had notice of the actual state of the facts at the time of acting upon the representation, and this, though the representation was made under oath.' Bigelow Est., 520. 'The estoppel does not apply where everything is equally well known to both parties.' Herman Est., sec. 957." In this case it appears that no deception was practiced upon the appellee by the appellant in connection with the former action, and that everything was equally well known to both parties, since the appellant joined in the former action solely upon information given to it by the appellee. The appellant made no representation to the appellee that caused the appellee to enter suit against Lyerly and his wife, but, on the contrary, the appellant entered the suit on account of representations made to it by the appellee.

We conclude that the Hartford Accident and Indemnity Company, upon the findings of fact of the referee, is entitled to have its motion for judgment as of nonsuit sustained, and the judgment of the Superior Court is therefore reversed and the case remanded for judgment in accord with this opinion.

Reversed and remanded.