## H. W. ANDERSON v. J. A. McRAE.

(Filed 27 January, 1937.)

1. **Reference § 9—Court must pass upon exceptions in consent reference and review the evidence relevant to the findings excepted to.**

    It is error for the court to refuse to pass upon exceptions to the report in a consent reference, or to approve the findings excepted to simply because they are supported by the evidence, the findings of the referee not being binding on the court even if supported by evidence, but it being the duty of the court to review the evidence and judicially determine the facts as established by the preponderance of the evidence, C. S., 578, and in passing upon the exceptions, he may affirm, amend, modify, set aside, make additional findings, and confirm, in whole or in part, or disaffirm the report of the referee.

2. **Reference § 8—**

    In the absence of exceptions to the factual findings of the referee, his findings are conclusive, and the case must be determined upon the facts found by him.

3. **Reference §§ 4, 9—**

    By consenting to a reference the parties waive the right to have issues of fact determined by a jury, C. S., 572, and the tender of issues on exceptions in a consent reference may be treated as surplusage.

APPEAL by plaintiff from *Clement, J.,* at March Term, 1936, of ROCKINGHAM.

Civil action for partnership accounting, by consent referred to Jule McMichael, Esq., to state the account and report the same to the court, together with his conclusions of law.

Upon the coming in of the report, the plaintiff filed a number of exceptions thereto, and "moved the court to consider and pass upon the

exceptions filed to the report of the referee. . . . This his Honor did not do. Plaintiff excepts."

The court modified the report in respect of two small items, and entered judgment:

"It further appearing, with the exception of the two above items, that the finding of facts by the said referee, as set out in his report, was supported by the evidence; . . . It is, therefore, adjudged . . . that the said referee's report, except as herein above modified, be and the same is hereby approved and confirmed."

Plaintiff appeals, assigning errors.

*Sharp & Sharp for plaintiff, appellant.*
*D. F. Mayberry and Hunter K. Penn for defendant, appellee.*

STACY, C. J. The record states that "his Honor did not . . . pass upon the exceptions," and in effect that he approved the factual findings of the referee, with two slight changes, because they were "supported by the evidence." This is not in keeping with the usual practice in such cases.

True, in a consent reference, upon exceptions duly filed, the judge of the Superior Court, in the exercise of his supervisory power and under the statute, C. S., 578, may affirm, amend, modify, set aside, make additional findings, and confirm, in whole or in part, or disaffirm the report of a referee. *Contracting Co. v. Power Co.,* 195 N. C., 649, 143 S. E., 241; *S. v. Jackson,* 183 N. C., 695, 110 S. E., 593; *Vaughan v. Lewellyn,* 94 N. C., 472. See, also, *Maxwell, Comr., v. R. R.,* 208 N. C., 397, 181 S. E., 248; *Corbett v. R. R.,* 205 N. C., 85, 170 S. E., 129; *Wilson v. Allsbrook, ibid.,* 597, 172 S. E., 217. This he may do, however, only in passing upon the exceptions, for in the absence of exceptions to the factual findings of a referee, such findings are conclusive, *Bank v. Graham,* 198 N. C., 530, 152 S. E., 493, and where no exceptions are filed, the case is to be determined upon the facts as found by the referee. *Salisbury v. Lyerly,* 208 N. C., 386, 180 S. E., 701; *Wallace v. Benner,* 200 N. C., 124, 156 S. E., 795.

Nor is it accordant with precedent for the judge of the Superior Court, in considering exceptions to the factual findings of a referee, to approve such findings simply because they are supported by the evidence. *Thompson v. Smith,* 156 N. C., 345, 72 S. E., 379.

Speaking to the subject in *Dumas v. Morrison,* 175 N. C., 431, 95 S. E., 795, *Walker, J.,* delivering the opinion of the Court and pointing out the difference between the duties of the trial court and the appellate court in dealing with exceptions to reports of referees, said:

"It must be remembered that a judge of the Superior Court in reviewing a referee's report is not confined to the question whether there is any

evidence to support his findings of fact, but he may also decide that while there is some such evidence, it does not preponderate in favor of the plaintiff, and thus find the facts contrary to those reported by the referee.    The rule is otherwise in this Court, when a referee's report is under consideration.    We do not review the judge's findings, if there is any evidence to support them, and do not pass upon the weight of the evidence."

Again in *Thompson v. Smith, supra,* the same learned justice said: "When exceptions are taken to a referee's findings of fact and law, it is the duty of the judge to consider the evidence and give his own opinion and conclusion, both upon the facts and the law.    He is not permitted to do this in a perfunctory way, but he must deliberate and decide as in other cases, use his own faculties in ascertaining the truth, and form his own judgment as to fact and law.    This is required not only as a check upon the referee and a safeguard against any possible errors on his part, but because he cannot *review* the referee's findings in any other way."

The proper procedure in reference cases, relative to the questions here presented, was succinctly stated by *Davis, J.,* in *Miller v. Groome,* 109 N. C., 148, 13 S. E., 840, as follows: "This was a reference under the Code, and the referee, as was his duty, reported the facts found and his conclusions of law separately, and he also reported the evidence upon which he found the facts, and, as a matter of right, either party could file exceptions, appeal, and have the report reviewed by the judge of the Superior Court, whose duty it is to consider the exceptions and set aside, modify, or confirm the report, according to his judgment, and his ruling upon the findings of fact is conclusive upon this Court, but his ruling upon questions of law are subject to review here. . . . It was perfectly competent, upon review, if he so thought, to adopt the findings of fact and conclusions of law of the referee, and then they would become the findings and conclusions of the court; but it was error in his Honor to summarily dispose of the exceptions by overruling them and confirming the report, without reviewing and passing upon them judicially."

It is perhaps needless to add that, in a consent reference, the parties waive the right to have the issues of fact determined by a jury.    C. S., 572; *Carr v. Askew,* 94 N. C., 194; *Green v. Castlebury,* 70 N. C., 20. Hence, issues tendered on the exceptions in such a case may be treated as surplusage.    The tender of issues is appropriate only in a compulsory reference when a jury trial is demanded.    *Cotton Mills v. Maslin,* 200 N. C., 328, 156 S. E., 484; *Booker v. Highlands,* 198 N. C., 282, 151 S. E., 635; *Robinson v. Johnson,* 174 N. C., 232, 93 S. E., 743; *Driller Co. v. Worth,* 117 N. C., 515, 23 S. E., 427.

The judgment will be vacated and the cause remanded for further proceedings accordant herewith.

Error and remanded.