C. H. HOLDER AND C. E. HOLDER v. HOME MORTGAGE COMPANY, VICTOR S. BRYANT, SUBSTITUTED TRUSTEE, AND FRED MOORE (ORIGINAL PARTIES DEFENDANT), AND UNIFIED DEBENTURE CORPORATION (ADDITIONAL PARTY DEFENDANT).

(Filed 21 September, 1938.)

1. Contracts § 6—

The terms of a contract must be sufficiently definite and complete to express with a reasonable degree of certainty the full intent of the parties, since neither the court nor the jury may make the agreement for them.

HOLDER *v.* MORTGAGE CO.

**2. Reference § 9—Court may affirm, amend, modify or set aside findings or make additional findings in consent references.**

Upon appeal upon exceptions duly filed to the referee's report in a consent reference, the court, under its supervisory power, and under C. S., 578, may affirm, amend, modify, set aside, make additional findings and confirm in whole or in part or disaffirm the report, provided there is competent evidence to support the findings approved or made by the court.

**3. Mortgages § 2b—Evidence held to support finding that alleged contract to make mortgage loan was too indefinite to be enforceable.**

Evidence *held* sufficient to support the court's finding, upon appeal from the referee in this consent reference, that the alleged agreement of one of defendants to lend upon mortgage security a sum sufficient to discharge prior liens against the land was too indefinite to be enforceable, and judgment that plaintiff was not entitled to damages for the alleged breach is upheld.

**4. Mortgages § 30a—Right of holder of trust note to foreclosure may not be defeated by agreement of trustor with third person.**

A holder of a note secured by a deed of trust is entitled to foreclosure upon default in accordance with the terms of the agreement, and the trustor is not entitled to enjoin such foreclosure in his action against the holder and the original *cestui que trust* upon allegations that the original *cestui que trust* agreed to lend trustor a sum sufficient to take up the first deed of trust and a second deed of trust thereafter executed to pay for improvements made on the land.

**5. Mortgages §§ 14, 38—**

When a deed of trust provides that taxes and insurance premiums paid by the *cestui que trust* should be secured thereby, sums so advanced by the *cestui* may be recovered upon foreclosure and have priority over the lien of a second deed of trust, even though the second deed of trust is executed prior to the time the advancements are made.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs and defendant Fred Moore from *Clement, J.,* 22 June, 1938. From CHEROKEE. Affirmed on both appeals.

This is an action brought by plaintiffs against certain of the defendants to restrain a sale of real estate belonging to plaintiffs under deed of trust made by plaintiffs.

The judgment of Clement, J., indicates the controversy:

"This cause coming on to be heard before the undersigned judge of the Superior Court, on the report of Hugh Monteith, Esq., referee, and all parties, plaintiff and defendant, file exceptions to the report of the referee.

"The court, after reading the pleadings, the report of the referee and the evidence in the case, and the exceptions filed by all parties, and after hearing argument of counsel for plaintiffs and defendants, renders the following judgment:

"The court considered the exceptions of the Home Mortgage Company, V. S. Bryant, substituted trustee, and the Unified Debenture Corporation, and after considering the exceptions by said defendants, judicially determined that each of said exceptions was without merit, and overruled each of said exceptions.

"The court considered the exceptions of Fred Moore, and judicially determined the merits of said exceptions, and judicially determined that all of said exceptions should be overruled, with the exception of Exception No. 3 and the Exception No. 4 as to the findings of fact in the referee's report numbered 17 and 18. The court sustains the defendant Moore's said 3rd and 4th exceptions.

"The court considered the exceptions filed by the plaintiffs, C. E. Holder and C. H. Holder, and after duly considering same, judicially determined that all of the exceptions of said plaintiffs should be overruled except Exceptions Nos. 12 and 13, and the court sustains the plaintiffs' Exceptions Nos. 12 and 13.

"The court finds as a fact that Harry P. Cooper was an agent of the Home Mortgage Company at the time that the plaintiffs applied to the defendant, the Home Mortgage Company, for a loan of $5,500.

"The court hereby modifies paragraphs 17 and 18 of the referee's report, and from the evidence finds that Harry P. Cooper, at the time the plaintiffs made application for a loan of $5,500, was an agent of the Home Mortgage Company.

"The Court modifies and changes paragraph 18 of the referee's finding of fact as follows:

"That the Home Mortgage Company, through its vice president, Hodges, agreed to make the $5,500 loan to plaintiffs, the said $5,500 was to take up the $2,500 note that had previously been given by the plaintiffs and referred to in the pleadings.

"The court makes an additional conclusion of law as to the report of the referee, being paragraph 8, as follows:

"That the agreement by Hodges, vice president of the Home Mortgage Company, is so indefinite that it cannot be enforced, because stipulations necessary to a complete contract had not been discussed or agreed to.

"The court hereby approves, confirms and adopts as its own, in all respects, the report of the referee, except as to the changes heretofore set forth in this judgment:

"It is therefore ordered, adjudged and decreed that the Unified Debenture Corporation, co-holder of the said note and deed of trust described in the pleadings, recover of the plaintiffs the sum of $1,983.63, with interest from 25 June, 1931, at the rate of six per centum per annum, and that the said Unified Debenture Corporation recover the further sum of $1,441 by reason of certain advancements made by said defend-

ants in payment of taxes and insurance, with interest as follows: (setting same forth in detail).

"It is further considered, ordered, adjudged and decreed by the court: That the injunction heretofore issued in this cause be and the same is hereby dissolved.

"That said deed of trust executed by C. E. Holder and wife, Ola Holder, and C. H. Holder (unmarried), to the First National Bank of Durham, North Carolina, dated 1 November, 1927, and recorded in the office of the register of deeds for Cherokee County, North Carolina, in Book No. 94, at page 300, is a first lien upon the real estate described in the pleadings; and that the defendant Unified Debenture Corporation be and it is hereby authorized and empowered to apply to and request the trustee in said deed of trust to exercise the power of sale therein contained, and that said trustee be, and he is hereby authorized, empowered and directed to exercise the power of sale contained in said deed of trust; and that the proceeds from such sale, or so much thereof as may be necessary, shall be applied to the payment of said indebtedness due the defendant Unified Debenture Corporation, together with interest thereon.

"That said deed of trust executed by C. E. Holder and wife, Ola Holder, and C. H. Holder and wife, Flonnie Holder, to J. D. Mallonee, trustee, for the use and benefit of Moore Supply Company, dated 24 September, 1930, and recorded in the office of the register of deeds for Cherokee County, North Carolina, in Book No. 103, at page 109, securing the sum of $1,807.27, be and the same is hereby declared a second lien on the real estate described in the pleadings, and that any surplus remaining after paying the principal and interest of said indebtedness due the defendant Unified Debenture Corporation be applied to the satisfaction of said indebtedness due the defendant Fred Moore. This the 22nd day of June, 1938.                   J. H. CLEMENTS,
                                                    *Judge Presiding."*

The Exceptions Nos. 3 and 4 of Fred Moore to the findings of fact of the referee's report, Nos. 17 and 18, are sustained by the court below. The findings are:

"17. That Mr. Cooper was not at any time during the year of 1926, 1927, 1928, 1929, and 1930, the agent of the Home Mortgage Company for the purpose of obtaining loans for said Home Mortgage Company, and had no authority to bind the Home Mortgage Company to make any loans to the plaintiffs herein.

"18. That the Home Mortgage Company did not, through its loan committee or any other duly authorized officer, agree to make the $5,500 loan to the plaintiffs referred to in the complaint."

The Exceptions Nos. 12 and 13 of plaintiffs, which are sustained, are as follows:

"12. The plaintiffs except to the 17th finding of facts made by the referee for the same is contrary to the evidence and the referee should have found that for the years 1926, 1927, 1928, 1929 and 1930, Harry P. Cooper was agent for the Home Mortgage Company for the purpose of obtaining loans for said company, and that he had authority to bind the company.

"13. The plaintiffs except to the 18th finding of facts for that the same is contrary to the evidence in this case."

The plaintiffs and defendant Fred Moore made numerous exceptions and assignments of errors and appealed to the Supreme Court. The material ones and necessary facts will be considered in the opinion.

*R. L. Phillips for plaintiffs.*
*Mallonee & Mallonee for defendant Fred Moore.*
*W. A. Devin, Jr., for Victor S. Bryant, substituted trustee, and Unified Debenture Corporation.*

CLARKSON, J. When this action was here before, seeking an injunction, it was continued to the hearing—205 N. C., 206. From the referee's report and conclusions of law and the judgment of the court below, and a careful review of the entire record, we are persuaded that the judgment on both appeals should be affirmed. The findings of facts of the referee indicate that:

(1) C. E. Holder and wife, Ola Holder, and C. H. Holder (unmarried), on 1 November, 1927, executed a deed of trust to the First National Bank of Durham, N. C., to secure a long-time loan of $2,500, payable to bearer, 12 years after date with certain periodical payments, and also to pay all taxes, insurance, etc., tacked on the deed of trust. The loan was made through the Home Mortgage Company and the deed of trust was properly recorded.

(2) During the month of November, 1927, the Home Mortgage Company transferred for value to the First National Bank of Durham, North Carolina, the note and deed of trust executed by the plaintiffs. That between November, 1927, and February, 1932, the Fidelity Bank & Trust Company of Durham, North Carolina, became the holder and owner of said note and deed of trust hereinabove referred to. That the Fidelity Bank & Trust Company of Durham, North Carolina, was the holder and owner of said note and deed of trust between the dates of 15 February, 1932, and 25 August, 1936. That the Unified Debenture Corporation acquired title to the note of $2,500 dated 1 November, 1927, executed by C. H. Holder, C. E. Holder and Mrs. Ola Holder, payable

to bearer and secured by a first deed of trust on property in Murphy, North Carolina. That said United (Unified) Debenture Corporation acquired ownership or title to said note for value and became entitled to the possession of the deed of trust securing said note during the month of January, 1937, and is now the owner and holder for value of said note.

(3) The defendant Victor S. Bryant has been duly and legally appointed substitute trustee in the before mentioned deed of trust.

(4) That on 24 September, 1930, the plaintiffs executed to J. D. Mallonee, trustee, for the use and benefit of the defendant Fred Moore, trading as Moore Supply Company, a note in the amount of $1,807.27, payable on or before 24 September, 1931, which note was secured by a deed of trust on the lands mentioned and described in the deed recorded in the office of the register of deeds for Cherokee County, North Carolina, in Book 94, at page 300, which note and deed of trust were executed by the plaintiffs to the defendant Fred Moore to secure the payment of the account for the building material used in the construction of the stone building hereinabove referred to; that said deed of trust was filed for registration and recorded in the office of the register of deeds for Cherokee County, North Carolina, subsequent to the date of the filing and recording of the deed of trust executed by the plaintiffs to the First National Bank of Durham, trustee, dated 1 November, 1927.

(5) "That on or about 11 July, 1932, the plaintiffs were in default in the payment of the monthly installments provided for in the said deed of trust, and that further the plaintiffs were in default in the payment of the city and county taxes against the real estate described in the said deed of trust."

It was contended by plaintiffs that the defendant Home Mortgage Company had breached its contract to lend them $5,500, to take up the $2,500 mortgage and pay defendant Fred Moore for material, etc., in building a new house on the lot in question. The referee held that plaintiffs were not entitled to recover any sum for the alleged breach. The court below found "That the agreement by Hodges, vice president of the Home Mortgage Company, is so indefinite that it cannot be enforced, because stipulations necessary to a complete contract had not been discussed or agreed to.

In *Thomas v. Shooting Club,* 123 N. C., 285 (287), is the following: " 'In order to constitute a valid verbal or written agreement, the parties must express themselves in such terms that it can be ascertained to a reasonable degree of certainty what they mean. And if an agreement be so vague and indefinite that it is not possible to collect from it the full intent of the parties it is void; for neither the court nor the jury can make an agreement for the parties.' Chitty on Contracts, p. 68."

The referee and the court below found all the material facts in favor of the defendant Unified Debenture Corporation. The reference in the present action was by consent. It is well settled in this jurisdiction that in a consent reference, upon exception duly filed to the report of a referee, the court below in the exercise of the supervisory power, and under C. S., 578, may affirm, amend, modify, set aside, make additional findings and confirm in whole or in part or disaffirm the report of the referee. *Anderson v. McRae,* 211 N. C., 197 (198); *Threadgill v. Faust,* 213 N. C., 226. The decisions are also to the effect that there must be some competent evidence to support the findings of the referee or the court below. We think there was sufficient competent evidence to support the findings of fact by the referee and the court below.

Conceding that there was a valid enforceable contract for the $5,500 loan, the undisputed evidence is that the Home Mortgage Company was not the owner of the note at the time. We may repeat what was said in *Leak v. Armfield,* 187 N. C., 625 (628): "If subsequent judgment creditors or litigants over the equity of redemption could 'tie up' a first mortgage and effect its terms, it would seriously impair a legal contract. It may be 'hard measure' to sell, but this is universally so. The mortgagee has a right to have her contract enforced under the plain terms of the mortgage. To hold otherwise would practically nullify the present system of mortgages and deeds in trust on land, so generally used to secure indebtedness and seriously hamper business. Those interested in the equity of redemption have the right of paying off the first lien when due. We can see no equitable ingredient in the facts of this case. The mortgage is not a 'scrap of paper.' It is a legal contract that the parties are bound by. The courts, under their equitable jurisdiction, where the amount is due and ascertained—no fraud or mistake, etc., alleged—have no power to impair the solemn instrument directly or indirectly by nullifying the plain provisions by restraining the sale to be made under the terms of the mortgage."

The taxes, insurance, etc., are clearly set forth and tacked on to the deed of trust and can be recovered—"The tail goes with the hide."

On both appeals the judgment of the court below is

Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.