## A. R. KEITH v. D. S. SILVIA.

(Filed 21 March, 1951.)

**1. Trial § 5—**

In civil cases the parties have the right to select the manner of trial, and may waive trial by jury and submit the controversy to the judge presiding, or they may agree to submit the cause to a referee.

**2. Reference § 2—**

The consent of the parties to a reference continues until the order of reference is complied with by a full report, and prior thereto neither party may revoke the order of reference nor change the identity of the referee without the consent of the other.

**3. Reference §§ 5c, 8—**

Where a party, after the expiration of the date fixed by the order of consent reference for the filing of the referee's report, enters into stipulations in respect thereto and continues with the reference until the report is prepared and copies thereof are furnished counsel before objecting, he waives his right to complain that the report was not filed by the date specified and may not urge the delay as cause for removing the referee.

**4. Reference §§ 5c, 16—**

Where the parties waive their right to object to the failure of the referee to file his report by the date specified in the order of consent

reference, and there is no evidence that the referee willfully refused or intentionally failed to file his report as promptly as conditions would permit, the record fails to show dereliction of duty on the part of the referee, and the order of the trial court removing him on this ground and directing him to refund the amount paid him under the terms of the consent reference, is error.

**5. Reference § 11—**

Where the referee finds all the essential facts at issue, which facts are supported by evidence and are sufficient to support his conclusions of law, the mere failure of the referee to divide his report into the subtitles of "findings of fact" and "conclusions of law" does not justify the court in rejecting the report as being unacceptable.

**6. Same—**

The broad supervisory power of the trial court to affirm, amend, modify, set aside, confirm in whole or in part, disaffirm the report, or make additional findings, must be exercised in an orderly manner in accord with recognized procedure upon exceptions duly entered or motion directly attacking the validity of the report, and the trial court may not vacate *ex mero motu* a report upon which no attack has been made by any of the parties. G.S. 1-194, G.S. 1-195.

**7. Same—**

Motion for an order directing the referee to show cause why he should not be removed cannot constitute an attack upon the report of the referee thereafter filed, and therefore the report is not before the trial court and he may not vacate the report upon the hearing of such motion.

**8. Same—**

Where there are no exceptions to the findings of fact made by the referee in a consent reference they are binding upon the Superior Court and become in effect facts agreed, and if no exceptions are filed the report should be affirmed and judgment entered in accord therewith.

APPEAL by defendant from *Rudisill, J.,* October Term, 1950, HENDERSON.

Civil action to recover rent due under a lease contract.

Plaintiff leased to defendant a garage building in the City of Wilmington for a term of one year. The contract provides that the term should be extended automatically for a further term of three years "unless written notice is given by Lessee sixty days prior to the expiration of the original lease of their intention to cancel."

The plaintiff, contending that the term was extended for want of notice of cancellation, sues for rent accruing during the extended period. Defendant denies liability on the grounds he gave due notice and plaintiff accepted the tenant to whom he, the defendant, had sublet the premises.

The defendant moved the court that the cause be removed to New Hanover County for the convenience of witnesses, etc. The motion came

on for hearing at the January Term 1950. Pending the hearing, the parties agreed to a reference, the hearing to be held in Wilmington, N. C. The court, pursuant to the agreement, entered its order referring the cause to the Honorable D. H. Bland who was directed to file his report on or before April 10, 1950.

Hearings were had before the referee and he, on 19 August 1950, furnished counsel for plaintiff and defendant with copies of his report which was filed with the clerk of the Superior Court of Henderson County on 15 September 1950. On 13 September 1950 counsel representing plaintiff and defendant entered into a written stipulation, "for the convenience of attorneys," that "on or before October 14, 1950, either plaintiff or defendant may file Exceptions to the Referee's Report filed in this cause with the Court on August ....., 1950; may file Motion to confirm said report, or may file Motion to re-refer or submit Issues to the Court."

On or about 12 September 1950 counsel for plaintiff residing in Henderson County filed a written motion for an order directing the referee "to show cause why he should not be removed as Referee and be ordered to return all monies paid to him for his services, which he has not performed in accordance with the order of the Court." The motion was based on the allegations that the referee "has not filed any report despite the fact that several terms of Superior Court have been held in Henderson County, and he has been urged and requested to make the report," and the delay has "caused the plaintiff to bring another suit to recover possession of the building and caused him to lose some $500.00 in rents unless he shall prevail in this cause." On 12 September 1950 the Honorable Luther Hamilton, purporting to act as a special judge, issued a rule directed to the referee and requiring him to appear on 9 October 1950 and "show cause why he should not be removed as Referee and why he should not be ordered to return all monies paid to him on account thereof."

At the October Term, which convened 9 October 1950, Rudisill, J., found certain facts and upon the facts found ordered that (1) the referee be removed effective 12 September 1950, (2) the report filed be rejected as being unacceptable, and (3) the referee refund the amounts paid to him under the consent order. The order was signed out of term by consent 21 October 1950.

To the order entered the defendant excepted and appealed.

*L. B. Prince for plaintiff appellee.*
*J. E. Shipman and Kellum & Humphrey for defendant appellant.*

BARNHILL, J. The order of the court below discharging the referee must be held for error. In civil cases the parties have the right to select the manner of trial of their cause. They may waive trial by jury and

KEITH v. SILVIA.

submit the controversy to the judge presiding, or they may agree to submit the cause to a referee. When, as here, the parties agree upon a reference, the consent of the parties continues until the order of reference is complied with by a full report. The order cannot be revoked at the election of one of the parties without the consent of the other. *Flemming v. Roberts,* 77 N.C. 415; *Trust Co. v. Jenkins,* 196 N.C. 428, 146 S.E. 68; *Mills v. Realty Co.,* 196 N.C. 223, 145 S.E. 26; *Smith v. Hicks,* 108 N.C. 249.

The consent extends not only to the terms of the reference but also to the person of the referee. The referee selected by the parties, or by their consent, must continue as such until the order has been fully executed and the final report made, unless by like consent another is substituted in his stead. *Flemming v. Roberts, supra.*

We do not mean to say that the court may not discharge a referee for willful failure to discharge his duties or for intentional disregard of the order of reference, *Trust Co. v. Jenkins, supra.* But no such cause is here made to appear.

It is true the court concluded "That the Referee has not performed his duties and has indicated a lack of responsibility to his duties as Referee," but this conclusion is bottomed on two specific findings of fact: (1) The referee was directed to file his report on or before 10 April 1950, and (2) the referee "failed and refused" to file his report until the order signed by the Honorable Luther Hamilton was served on him.

The report was not filed by 10 April 1950 as in said order directed. Even so, plaintiff is in no position to assert that fact as cause for removing the referee. The parties continued with the reference without objection until the report was prepared and copies thereof were furnished to counsel, actually entering into stipulations in respect thereto as late as 13 September, after the motion herein was filed in court. Any cause for objection that the referee failed to file the report as in said order directed was waived. A party to a reference will not be permitted to proceed with the reference after the day fixed for the final report, without objection, thereby taking his chances of a decision in his favor, and then at a later stage, after a decision has been or seems likely to be rendered against him, for the first time, urge the delay as cause for removing the referee. *Andrews v. Jordan,* 205 N.C. 618.

The able and conscientious attorney to whom this cause was referred encountered those conditions so often arising in reference matters which serve to delay a prompt report. As disclosed by the report filed, this delay was caused in large part by counsel for the parties. Counsel who actually appeared at the hearings before the referee have not seen fit to challenge or contradict these statements. The record remains devoid of any substantial grounds for a conclusion that the referee willfully refused

or intentionally failed to file his report as promptly as conditions would permit.

The amounts paid the referee were paid by the parties under the terms of the consent reference. The court was without authority to require the referee to refund the same.

Likewise, that part of the order which rejects the report of the referee "as being unacceptable" must be held for error. This for two reasons: (1) It is based on specific findings of fact which are unsupported by the record, and (2) the report was not before the judge for consideration.

The judge found that the referee in his report does not set out his findings of fact and conclusions of law, and he failed to file his report in the time allowed by the order. While the referee does not divide his report into subtitles, "findings of fact" and "conclusions of law," as is sometimes done, he found all the essential facts at issue. The facts found are supported by evidence and are sufficient to support his conclusions of law. On this record the delay in filing the report is no cause for rejecting the same.

The judge of the Superior Court, in the exercise of his supervisory power and under the statute, G.S. 1-194, may affirm, amend, modify, set aside, confirm in whole or in part, or disaffirm the report of a referee, or he may make additional findings of fact and enter judgment on the report as thus amended. *Anderson v. McRae,* 211 N.C. 197, 189 S.E. 639, and cases cited. But this does not mean that the judge may, *ex mero motu,* vacate a report upon which no attack has been made by any of the parties. The authority must be exercised, if at all, in an orderly manner in accord with recognized rules of procedure. "Either party . . . may move the judge to review the report, and set aside, modify or confirm it in whole or in part . . . ," G.S. 1-194, and the report "may be excepted to by either party . . . and reviewed in like manner and with like effect in all respects as in cases on appeal . . ." G.S. 1-195.

The broad supervisory power of the judge is to be exercised in ruling upon exceptions duly entered, or some motion directly attacking the validity of the report. *Contracting Co. v. Power Co.,* 195 N.C. 649, 143 S.E. 241; *Wallace v. Benner,* 200 N.C. 124, 156 S.E. 795; *Thigpen v. Trust Co.,* 203 N.C. 291, 165 S.E. 720; *Holder v. Mortgage Co.,* 214 N.C. 128, 198 S.E. 589.

Speaking to the subject in *Anderson v. McRae, supra,* Stacy, C. J., says: "This he may do, however, only in passing upon the exceptions, for in the absence of exceptions to the factual findings of a referee, such findings are conclusive . . . and where no exceptions are filed, the case is to be determined upon the facts as found by the referee." McIntosh P. & P. 577.

Plaintiff's motion does not assail the report of the referee. Indeed, at the time the motion was entered, the report had not been filed. No exceptions have been entered. The cause, by the stipulations of the parties, had in effect been continued until 14 October. The report was not before the judge for consideration. The order rejecting the same must be vacated.

In this connection it is interesting to note that the record presents a somewhat novel situation. While the order was signed out of term 21 October, it is made retroactive and effective as of 12 September. Thus the order rejects as being unacceptable a report which was not on file on the effective date of the order.

On a consent reference, findings of fact made by a referee, in the absence of exceptions thereto, are conclusive on the hearings in the Superior Court as they are on appeal to this Court. The findings to which no exceptions are entered become in effect facts agreed. *Bank v. Graham,* 198 N.C. 530, 152 S.E. 493; *Salisbury v. Lyerly,* 208 N.C. 386, 180 S.E. 701.

Therefore, for the reasons stated, the report filed by the referee must be restored to its rightful place on the civil issue docket. In the absence of exceptions thereto, it should be affirmed and judgment entered in accord therewith.

Error and remanded.