Cox *v.* Shaw.

Criminal prosecution for unlawful possession of tax-paid whiskey for the purpose of sale.

Defendant was first tried and convicted in the municipal-county court. Upon appeal to and trial in the Superior Court, the jury returned a verdict of guilty as charged in the warrant.

The judgment pronounced imposed a sentence of imprisonment, which was *suspended* on *specified conditions.* Thereupon, defendant excepted and appealed, assigning errors.

*Attorney-General Rodman and Assistant Attorney-General Bruton for the State.*

*Elreta Melton Alexander for defendant, appellant.*

---

E. J. COX and Wife, EVA C. COX, v. C. WORTH SHAW.

(Filed 30 November, 1955.)

**1. Reference § 11—**

Upon the hearing upon exceptions to the report of a referee, the court has authority to affirm, amend, modify, set aside, confirm in whole or in part, or disaffirm the report of the referee.

**2. Same: Appeal and Error § 2—**

Upon the hearing of exceptions to the referee's report, the court's order vacating the report and ordering a new survey is purely interlocutory and affects no substantial right, and an appeal therefrom is fragmentary and premature. G.S. 1-277.

Cox v. Shaw.

**3. Reference § 11: Courts § 5: Judgments § 33f—**

Where defendant, upon the filing of the report of the referee, moves for a new survey prior to the filing of exceptions, the reference is not before the court upon the hearing of the motion, and the denial of the motion does not preclude another Superior Court judge from vacating the report and ordering a new survey upon the hearing upon the exceptions.

APPEAL by plaintiffs from *Stevens, J.,* May Term, 1955, BLADEN. Appeal dismissed.

Civil action to try title to land.

The cause was referred and a survey ordered. The referee filed his report. Defendant moved for a new survey. The motion was denied and leave was granted to file exceptions. Thereafter exceptions were filed, and the cause came on to be heard in the court below. The court vacated the reference, ordered a new survey and such additional hearing as might be necessary upon the new survey. Plaintiffs excepted and appealed.

*H. H. Clark for plaintiff appellants.*

*Ellis E. Page and Varser, McIntyre & Henry for defendant appellee.*

PER CURIAM. When the cause came on to be heard on exceptions filed, the court had authority to affirm, amend, modify, set aside, confirm in whole or in part, or disaffirm the report of the referee. *Quevedo v. Deans,* 234 N.C. 618, 68 S.E. 2d 275; *Keith v. Silvia,* 233 N.C. 328, 64 S.E. 2d 178; G.S. 1-194, 195. The order vacating the report of the referee and ordering a new survey was purely interlocutory. It affected no substantial right of the parties. G.S. 1-277. Appeal therefrom was fragmentary and premature. *Whitehurst v. Hinton,* 222 N.C. 85, 21 S.E. 2d 874.

We may note that the motion for a new survey made before the court below is quite different from the motion made before exceptions were filed. At the time Carr, J., signed his order, the reference was not before him for consideration. *Keith v. Silvia, supra.*

Appeal dismissed.