JOHN T. LAWRENCE, Trustee, v. MARY H. HYMAN.

*Deed—Latent Ambiguity—Witness—Party in Interest—Evidence—Practice—Report of Referee.*

1. A call in a deed for a line "beginning at the north corner of R's store," where the store stands squarely east and west and has two north corners, is a latent ambiguity to be explained by *parol* testimony.

2. Where the land in dispute was conveyed in trust for use, as the site of a church, "so that the congregation of said church may at all times enjoy the privilege of divine worship therein &c. ;" *It was held,* that a member of the congregation was not such a party in interest in an action affecting the title to the land as to be debarred, under C. C. P. § 343, from testifying to the declarations of a deceased person.

3. In such case, the declarations of the grantor in said deed of trust as to the true corner, are not admissible in evidence on behalf of the plaintiff (trustee in said deed) the defendant not claiming through him, and not being present when the declarations were made.

4. Nor, in such case, is the plaintiff trustee a competent witness (under C. C. P. § 343) to prove a communication made to him by a person at the time of trial deceased.

5. A report of a referee, in a reference under the Code, is not in the nature of a special verdict and conclusive as to the facts, but is reviewable on exceptions.

(*Blum* v. *Stafford,* 4 Jones 94 ; *Green* v. *Castlebury,* 70 N. C. 20 ; *Armfield* v. *Brown,* Ib. 27, cited and approved.)

CIVIL ACTION, to recover Land, tried at Spring Term, 1878, of HALIFAX Superior Court, before *Seymour, J.*

The case was referred, and the report of the referee states that on the 2d of October, 1860, one C. M. Clark conveyed the land in dispute to the plaintiff, and described it as "beginning at the north corner of A. M. Riddick's store." &c. The defendant is the widow of Samuel B. Hyman, deceased, and is in possession of the land as part of her

14

dower, her husband having bought the same of one John H. Hyman. The material facts applicable to the points decided by this Court are embodied in its opinion. Judgment for plaintiff. Appeal by defendant.

*Messrs. Gilliam & Gatling*, for plaintiff.
*Mr. T. N. Hill*, for defendant.

BYNUM, J. The plaintiff's deed calls: "Beginning at the north corner of A. M. Riddick's store." From the map which is made a part of the case, we find that the store house stands squarely east and west, and that there are therefore two north corners which equally fill the call. It is a case of latent ambiguity where parol proof must be resorted to, to show which of the two corners was meant, as in the case where a testator gives "his white horse" to his son A, and he has two white horses. Which was the true corner was a question of fact and not of law. The referee found that the beginning corner was at A, which was the corner of the porch. Upon the trial before the referee, the plaintiff introduced as witnesses Noah Biggs, J. B. Crumpler, and himself. Their testimony tended to establish C the other north corner of the store as the true corner from the declarations of S. B. Hyman, then dead, and under whom the defendant claimed. This proof of the declarations of Hyman was objected to by the defendant upon the ground, which was admitted, that the witnesses were at the time of testifying, members of the Baptist church congregation, for whose use and benefit the deed was executed to the plaintiff. The said trust is conveyed by the deed in these words: "In special trust and confidence nevertheless that the said John T. Lawrence, his heirs and assigns shall and will hold the said lot and parcel of land for the sole and exclusive use, purpose and intent, that it may be used as the site of the Missionary Baptist church

called Zion, now in process of erection in the village, county and State aforesaid, so that the society or congregation of said church may at all times enjoy the privileges of divine worship therein, and for no other use, purpose or intent whatsoever." The evidence of the witnesses is made a part of the case, but was excluded from consideration by the referee upon the ground that it was inadmissible under C. C. P., § 343. Whether this evidence was properly excluded as to the declarations of the dead man depends upon whether the witnesses Biggs and Crumpler, had a legal or equitable interest in the action which could be affected by the event of the action. The general rule of admissibility is that members or stockholders in institutions created for private emolument, though not parties to the record, are not admissible as witnesses. But members of charitable and religious societies having no personal or private interest in the property holden by the corporation, are competent witnesses in any suit in which the corporation is a party. 1 Greenl. Ev., § 333, 1 Stark, Ev., 131,132. To render them incompetent, their interest, in the event of the action, should be direct, certain or legal. *Blum* v, *Stafford*, 4 Jones, 94.

The interest which is secured to the witnesses by the deed is, that as members of the congregation of Zion church, "they may at all times enjoy the privilege of worship therein." The license is altogether dependent upon and lasts only during membership, and when that is lost by removal or otherwise, the personal privilege is lost. We do not think such an uncertain and fluctuating religious and charitable privilege provided for in the deed constitutes such an "equitable or legal interest" in the action as to exclude their testimony in regard to "transactions or communications" with the deceased, under C. C. P., § 343. The referee therefore erred in rejecting the evidence of the two witnesses, Biggs and Crumpler, who testified to the declara

tions of Hyman tending to establish C as the true corner called for in the deed.

His Honor below so ruled on exceptions taken by the plaintiff to the exclusion of this evidence by the referee. But His Honor further held that the evidence of the plaintiff, Lawrence, was admissible, though it had been objected to by the defendant. Lawrence testified that John H. Hyman and C. M. Clark, his bargainor, both, a day or two after the survey of the land in controversy was made, and at the time the deed was delivered to him, pointed out the corner of Riddick's store nearest the church (C), and said that was the beginning corner; and that in the spring before S. B. Hyman's death, he admitted to the witness that he (Hyman) had about twenty feet of plaintiff's land in possession, but would give it up when the crop was made.

There are two fatal objections to the admissibility of this testimony. One is that the declarations of Clark were admitted as to the true corner, when the defendant does not claim title under or through him, and was not present when the declarations were made. The defendant does not claim under John H. Hyman, and he being dead, his declarations as to the boundaries under the circumstances stated, were competent; but Clark was a stranger to the defendant's title, and so far as appears, is alive and able to testify. 1 Whart. Ev., § 191. But, secondly, by the express words of the statute, C. C. P., § 343, a party to the action is excluded from testifying to any communication between himself and S. B. Hyman, now deceased. It was error therefore in His Honor in revising the finding of the referee to consider that portion of the evidence wherein the plaintiff states the admissions of S. B. Hyman made to him, that he was in the possession of the land of the plaintiff, which is in controversy, and promising to surrender it.

It is true that the defendant introduced as a witness in his behalf one Wesley Peebles, who testified to a conversa-

LAWRENCE *v.* HYMAN.

tion and transaction between himself and Hyman, since dead, wherein Hyman asserted his claim to the corner of the porch (A), as the beginning corner. This evidence, however, was objected to by the plaintiff, It does not appear at what stage of the investigation this evidence was offered, nor does it appear that its admission was considered either by the referee or the parties, as a waiver of the defendant's objections to the admissibility of the evidence of the plaintiff testifying to the same thing; on the contrary, the parties stood to their exceptions to the testimony, and the referee excluded the evidence of Biggs, Crumpler and the plaintiff. His Honor below on exceptions to the report of the referee overruled him and admitted the testimony. His decision was correct, and is sustained as to the two witnesses, Biggs and Crumpler, but was erroneous as to the witness, Lawrence, the plaintiff in the action. Of that error the defendant complains by her appeal, and for it she is entitled to a new trial.

It was insisted here that the reference having been made under the Code, the finding of the referee was in the nature of a special verdict, and is conclusive of the facts, and not reviewable on exceptions. We consider this question settled adversely to this contention, by the cases of *Green* v. *Castlebury,* 70 N. C., 20, and *Armfield* v. *Brown,* 70 N. C., 27.

Error.

PER CURIAM.                                    *Venire de novo.*