## W. B. SNEED v. STATE HIGHWAY COMMISSION.

(Filed 10 June, 1927.)

1. **State Highway Commission—Roads and Highways—Appeal and Error —Notice of Appeal—Assessments—Damages—Statutes.**

   Where lands are taken by the State Highway Commission for the construction of a State highway, on appeal from the assessment of damages by a board of appraisers duly appointed to investigate them, the clerk is required by statute, C. S., 633, to transmit the entire record to the court upon notice of appeal duly given, leaving nothing for the appellant to do in respect thereto, and there is no analogy therein to an appeal from the justice of the peace.

2. **Same—Courts—Supervisory Powers.**

   Where the clerk has failed to transmit the record to the court on appeal for damages assessed by the appraisers in the taking of lands for a State highway, upon notice of appeal given in proceedings under the provisions of C. S., 633, 634, the trial judge within his supervisory power may order that this be done.

3. **Appeal and Error—Fragmentary Appeal—Dismissal.**

   An appeal from the refusal of the trial court to confirm the amount of damages assessed by the board of appraisers for the taking of private lands for the building of a State highway by the State Highway Commission, is fragmentary, and will be dismissed as prematurely taken from an interlocutory order of the court.

APPEAL by plaintiff from *Stack, J.,* at April Term, 1927, of CHEROKEE.

Special proceedings for the assessment of damages caused by the taking of plaintiff's property for a right of way in the construction of a State Highway in Cherokee County.

This is but one of a number of cases growing out of the construction of the same road. By consent, one board of appraisers was appointed to investigate all the claims in the different cases and make separate reports to the clerk.

Upon the coming in of the several reports, it was agreed by counsel on both sides that formal exceptions would be waived and that appeals

would be taken only in those cases where the awards, after further investigation, were found to be unsatisfactory. Some of the cases proved to be satisfactory to both parties, hence no appeals were taken in these cases.

The reports in all the cases were heard before the clerk on 4 December, 1926, and judgments rendered thereon. The plaintiffs noted appeals in some of the cases, and these were transferred to the civil-issue docket for trial. The State Highway Commission likewise noted appeals in three of the cases, the instant case being one of them, but the clerk failed to transfer the defendant's appeals to the civil-issue docket.

The plaintiffs' appeals were tried at the April Term, 1927, at which time it was discovered that the appeals of the State Highway Commission had not been transferred in accordance with the notice given on 4 December, 1926. Whereupon, counsel for the plaintiffs moved to have the appeals docketed and dismissed for the reason that appellant had failed to have them transferred to the civil-issue docket before the January Term, 1927, which convened more than ten days after notices of appeal were given. The defendant countered with a motion that the judge order the appeals then docketed, or transferred to the civil-issue docket for trial, and that the plaintiffs' motions be denied. The motion of the defendant was allowed, to which ruling the plaintiffs excepted and appealed. Only one case has been brought up, with the understanding that the other two shall abide the judgment in this one.

*J. D. Mallonee and Moody & Moody for plaintiff.*
*Attorney-General Brummitt and Assistant Attorney-General Ross for defendant.*

STACY, C. J., after stating the case: It is the position of the plaintiff that as the defendant failed to have the clerk "transfer the case to the civil-issue docket for trial of the issues at the next ensuing term of the Superior Court" (C. S., 634), it has lost its right of appeal, and that by analogy to an appeal from a justice of the peace, where the appellant fails to have his appeal docketed as required by law, the appellee may, at the term of court next succeeding the term to which the appeal is taken, have the case placed upon the docket (C. S., 660), and the judgment affirmed upon motion. *Blair v. Coakley,* 136 N. C., 405.

But the analogy, we apprehend, fails in at least two respects. In the first place, the appeal is controlled by C. S., 633, which requires the clerk, upon notice, to transmit the entire record to the Superior Court, and neither party is obliged to give an undertaking for costs. *R. R. v. R. R.,* 148 N. C., p. 64; *Hendricks v. R. R.,* 98 N. C., 431. In the second place, the judge of the Superior Court, in the exercise of his supervisory

power, may require the clerk to send up the appeal, or transfer the case to the civil-issue docket for trial, which seems to have been done in the instant proceeding. *Hicks v. Wooten,* 175 N. C., 597; *R. R. v. King,* 125 N. C., 454. And in the third place, the agreement of counsel on both sides to waive the filing of formal exceptions, and that appeals should be taken only in those cases where the awards, after investigation, were found to be unsatisfactory, would seem to take the case out of the hard and fast rules of procedure, if such they be. *Taylor v. Johnson,* 171 N. C., 84.

But plaintiff's appeal to this Court is premature, being, as it is, from an interlocutory order, and for this reason it must be dismissed. We have thought it better, however, to express an opinion on the question sought to be presented, a course sometimes pursued where the matter is of moment, and a decision, as here, may save the parties further litigation. *Taylor v. Johnson, supra.*

Appeal dismissed.