HARDAWAY CONTRACTING COMPANY v. WESTERN CAROLINA POWER COMPANY.

(Filed 23 May, 1928.)

**1. Reference—Report and Findings—Effect and Status of Report—Exceptions.**

Construing C. S., 578 and C. S., 579 together as being in *pari materia:* it is *Held,* a party moving for a reference to report the facts is not bound by the findings of the report as if a special verdict, and he is entitled to except to the report of the referee.

**2. Appeal and Error — Review — Interlocutory Proceedings—Premature Appeals—Dismissal.**

An appeal from the adverse ruling of the trial judge on a motion to strike out exceptions to a referee's report, made by the party on whose motion the reference was made, is from an interlocutory order and premature, and will be dismissed on appeal.

CLARKSON and BROGDEN, J.J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Harding, J.,* at January Special Term, 1928, of MECKLENBURG.

Civil action by plaintiff, Contracting Company, to recover of defendant damages for an alleged breach of contract for the construction of an hydro-electric development, situate in Burke and McDowell counties and known as the Bridgewater Development.

Plaintiff declares upon a written contract, sets up numerous breaches thereof on the part of the defendant, and fixes its damages at more than a million dollars. Defendant answers, denies liability, pleads a number of counterclaims, and asks for judgment against the plaintiff in a large sum.

At the January Special Term, 1921, Mecklenburg Superior Court, it appearing that the taking of an account between the parties would be necessary before judgment could be entered or carried into effect, on motion of the defendant, and over objection and reservation of the right to a jury trial on the part of plaintiff, the cause was referred under the statute to Hon. J. E. Swain, who found the facts and reported same, together with his conclusions of law, to the court, holding that the plaintiff was entitled to judgment against the defendant in the sum of $325,-727.53, after making all proper deductions for counterclaims, with interest on said amount from 22 March, 1919.

The defendant, in apt time, filed 56 exceptions to the findings of fact made by the referee, and 83 exceptions to his conclusions of law.

Many of the defendant's exceptions to the referee's findings of fact appear to have been made upon the alleged ground that said findings are not only contrary to the weight of the evidence, but also, in many instances, because of a lack of sufficient evidence to sustain such findings; in some instances because contrary to facts alleged and admitted in the pleadings; in others for that they are at variance with the terms of the contract or other written instruments binding on the parties; and in others because of the referee's failure to find certain facts, etc. In addition, the defendant moved that the cause be recommitted to the referee for further hearing and reconsideration.

The plaintiff also filed exceptions to the report of the referee and demanded a jury trial, both upon its own exceptions and those of the de-

fendant taken to the findings of fact by the referee, as it had preserved its right to do at the time of the original reference. *Jenkins v. Parker,* 192 N. C., 188, 134 S. E., 419.

At the January Special Term, 1928, Mecklenburg Superior Court, after the defendant's motion to recommit the case to the referee had been denied, or overruled, the plaintiff insisted upon its motion, previously filed in writing, to strike out the defendant's exceptions to the findings of fact by the referee, for that, the reference, which was to report the facts, was made at the instance of the defendant, and, under the statute, C. S., 579, "when the reference is to report the facts, the report has the effect of a special verdict." This motion was overruled; whereupon the plaintiff excepted and appealed to the Supreme Court, assigning said ruling as error.

*E. W. Price, Taliaferro & Clarkson, T. D. McCall and Manning & Manning for plaintiff.*

*E. T. Cansler, C. W. Tillett, T. C. Guthrie, Plummer Stewart, R. S. Hutchison and W. S. O'B. Robinson, Jr., for defendant.*

STACY, C. J., after stating the facts: It is the position of the plaintiff that as the reference was to report the facts, under C. S., 579, such report has the effect of a special verdict, and the defendant, having asked for the reference, is bound thereby and cannot now except to any finding of fact made by the referee, save upon the ground that there is no evidence to support it. *Davis v. Schwartz,* 155 U. S., 631, 39 L. Ed., 289; 23 R. C. L., 299.

To adopt this construction, we apprehend, would be to overlook the section immediately preceding, C. S., 578, which provides that "either party, during the term or upon ten days notice to the adverse party out of term, may move the judge to review the report, and set aside, modify or confirm it, in whole or in part, and no judgment may be entered on any reference except by order of the judge." And our decisions are to the effect that, upon exceptions duly filed, the judge of the Superior Court, in the exercise of his supervisory power and under the statute, may affirm, amend, modify, set aside, make additional findings and confirm, in whole or in part, or disaffirm the report of a referee. *S. v. Jackson,* 183 N. C., 695, 110 S. E., 593; *Vaughan v. Lewellyn,* 94 N. C., 472.

Indeed, the view now urged by the plaintiff was considered by the court in the case of *Lawrence v. Hyman,* 79 N. C., 209, and disposed of as follows: "It was insisted here that the reference having been made under The Code, the finding of the referee was in the nature of a special verdict, and is conclusive of the facts, and not reviewable on exceptions.

We consider this question settled adversely to this contention, by the cases of *Green v. Castlebury,* 70 N. C., 20, and *Armfield v. Brown,* 70 N. C., 27."

There was no error in the ruling from which the plaintiff appeals.

But the appeal is premature, being, as it is, from an interlocutory order, and for this reason it must be dismissed. We have thought it better, however, to express an opinion on the question of procedure sought to be presented, as such may be helpful at the present time, a course pursued in a number of cases and permissible under our decisions. *Sneed v. Highway Com.,* 194 N. C., 46, 138 S. E., 350; *S. v. Carroll,* 194 N. C., 37, 138 S. E., 339; *Corp. Com. v. Mfg. Co.,* 185 N. C., 17, 116 S. E., 178.

Appeal dismissed.

CLARKSON and BROGDEN, J.J., took no part in the consideration or decision of this case.