DIXIE LEE FRANKS, Plaintiff v. BILLY EUGENE FRANKS, Defendant

No. COA01-1601

(Filed 5 November 2002)

**1. Divorce— equitable distribution—inventory values—not binding at trial**

An equitable distribution plaintiff was not bound at trial by an inventory affidavit statement that certain items were of unknown value where defendant received a copy of plaintiff's expert's opinion of those values prior to trial.

2. **Divorce— equitable distribution—valuation of painting business—methods**

An equitable distribution plaintiff's expert used valuation methods that complied with standards established by law when evaluating the parties' painting business where the expert analyzed business and tax records, used the asset approach, the market approach, and the income approach in reaching his conclusion, explained in great detail how he analyzed the data, and gave an opinion of the value of the business's goodwill using the excess earning method.

Judge GREENE concurring.

Appeal by defendant from judgment entered 23 May 2001 by Judge Earl J. Fowler, Jr., District Court, Buncombe County. Heard in the Court of Appeals 8 October 2002.

*Ronald C. True, Attorney for defendant-appellant.*

*Howard McGlohon, Attorney for plaintiff-appellee.*

WYNN, Judge.

Defendant Billy Eugene Franks, appealing from an equitable distribution judgment entered 23 May 2001, presents two issues for our review: (I) Did the trial court err in considering valuation opinions outside of those expressed in plaintiff's pleadings; and (II) did the trial court err in its methods of valuation. We find no error and affirm the equitable distribution judgment.

Billy and Dixie Franks were granted an absolute divorce on 29 January 1998, with only equitable distribution issues remaining. The parties filed inventory affidavits in accordance with N.C. Gen. Stat. § 50-21 (2001). In Ms. Franks' affidavit, several assets, including "racing stuff" and the business "Franks' Painting Service," were listed with an unknown value at the date of separation. At trial, Ms. Franks presented an expert who gave an opinion assessing the value of Franks' Painting Service at the date of separation as $450,000. However, Mr. Franks' subjective impression was the business's value was $60,000. The court attributed a $450,000 value to the business, found an equal division was equitable, and ordered defendant to pay the plaintiff a distribution award of $131,240 within 90 days. The execution of this judgment was stayed pending appeal.

[1] We first consider Mr. Franks' contention that the parties to an equitable distribution action are bound by the values stated in their inventory affidavits. N.C. Gen. Stat. § 50-21(a) specifically provides: "[t]he inventory affidavits prepared and served pursuant to this subsection shall be subject to amendment and shall not be binding at trial as to completeness or value."

At trial, Mr. Franks objected to the admission of the expert's opinion as to value of the painting business because Ms. Franks "blind-sided" him by not supplementing or amending her valuation affidavit. However, the records show that Mr. Franks received a copy of the expert opinion prior to trial. Accordingly, Ms. Franks was not restricted to her affidavit; was free to present expert testimony at trial; and defendant received appropriate notice of the expert opinion.

[2] Mr. Franks also challenges the valuation methods used by the trial court to determine the value of the painting business. In his brief, he makes the following argument:

> . . . Edward Fidelman, admitted as an expert in business evalua-tions, . . . provided the following standard and customary defini-tion of fair market value: "It's a price at which property would change hands between a willing buyer and a willing seller . . ." Mr. Fidelman conceded that Mr. Franks had reasonable knowledge of the relevant facts. Mr. Franks was, and is, willing to sell his inter-est in the business for $30,000.00, and was, and is, will to buy Mrs. Franks' interest in the business for $30,000.00.

Thus, Mr. Franks concludes that his method of valuing the painting business "is the best evidence that the trial court had as to valuation."

However, in contrast to Mr. Franks' naked testimony, Ms. Franks presented the testimony of Mr. Fidelman, an expert in forensic accounting and business valuation, who provided lengthy testimony about "Franks' Painting Service." Based upon the expert's analysis of business and tax records which included information about accounts receivables, fixed assets, tax liabilities, expenses, customers, and other business components, the expert opined the fair market value of the business to be $450,000. The expert used the asset approach, the market approach and the income approach to reach his conclu-sion; and, he explained in great detail how he analyzed the data.

Based upon this evidence, the trial court found that Franks' Painting Service:

had on the date of separation accounts receivable of $243,727. It had fixed assets valued at $77,749. And the goodwill of the company may be personal to the defendant himself, but it still has value. There is clearly no way the Court could value the company at $60,000, as contended by defendant. The Court accepts Mr. Fidelman's [plaintiff's expert] value of $450,000. The Court will reduce that by the tax liability he has already paid ($68,000) for a net value of $382,000.

We hold that the trial court properly relied upon the testimony of Ms. Franks' expert to determine valuation of the painting business. Indeed, in *Poore v. Poore*, 75 N.C. App. 414, 331 S.E.2d 266 (1985), this Court specifically mentioned the utilization of each of the methods used by Ms. Franks' expert as an appropriate method to use to determine business value. 75 N.C. App. at 419-22, 331 S.E.2d at 270-72. In addition, the expert, based upon the excess earnings method, gave an opinion about the value of the business's goodwill. In *Poore*, this Court stated the value of goodwill "should be made with the aid of expert testimony" and specifically mentioned the excess earnings method as an appropriate measure of goodwill. 75 N.C. App. at 421, 331 S.E.2d at 271. Thus, the record shows that plaintiff's expert used valuation methods that complied with the standards established by law.

Accordingly, we uphold that trial court's order of equitable distribution.

Affirmed.

Judge McGEE concurs.

Judge GREENE concurs with separate opinion.

GREENE, Judge, concurring.

I concur with the majority that the trial court did not err in considering valuation opinions outside the scope of the pleadings; however, for the reasons stated below, I would not address the second issue raised by defendant.

As recently stated by this Court in an equitable distribution case:

A party believing the methodology used by a witness is not valid or, if valid, is not properly applied to the facts at issue, has an

obligation to object to its admission. *See* N.C.G.S. § 8C-1, Rule 103(a)(1) (1999). If a timely objection is not lodged at trial, it cannot be argued on appeal that the trial court erred in relying on this evidence in determining the value of the asset at issue. *See* N.C.R. App. P. 10(b)(1); *State v. Lucas*, 302 N.C. 342, 349, 275 S.E.2d 433, 438 (1981) (admission of evidence without an objection is "not a proper basis for appeal").

*Walter v. Walter*, 149 N.C. App. 723, 733, 561 S.E.2d 571, 578 (2002).

In this case, defendant did not challenge the valuation methodology of plaintiff's expert at trial. Accordingly, he cannot argue on appeal that the trial court erred in relying on that expert's methodology. Thus, for this reason, I agree with the majority that "the trial court properly relied upon the testimony of [plaintiff's] expert."