An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-168

NORTH CAROLINA COURT OF APPEALS

Filed: 15 July 2014

CHRISTINE M. STEWART,
        Plaintiff,

        v.                                     Buncombe County
                                               No. 09 CVD 3134
WILLIAM A. STEWART,
        Defendant.


Appeal by defendant from orders entered 6 July 2012 and 25 October 2013 by Judge Rebecca Knight and Judge Susan Dotson-Smith, respectively, in Buncombe County District Court. Heard in the Court of Appeals 3 June 2014.

    *Mary Elizabeth Arrowood for plaintiff-appellee.*

    *The Exum Law Office, by Mary March Exum, for defendant-appellant.*


    HUNTER, Robert C., Judge.


    Defendant-appellant William Stewart ("defendant") appeals from equitable distribution and alimony orders. On appeal, defendant argues that the trial court erred by: (1) adopting the referee report as a final resolution of the parties' equitable

distribution over defendant's objection; and (2) awarding alimony to plaintiff.

After careful review, we affirm the trial court's orders.

**Background**

Plaintiff-appellee Christine Stewart ("plaintiff") and defendant married in 1982, separated 18 December 2008, and divorced 18 May 2010. Mediation as to equitable distribution of the parties' marital property proved futile. Disagreement primarily concerned the value of William A. Stewart Superior Painting, Inc. ("Superior"), a painting company started by the parties. Pursuant to court order, the parties agreed that Dixon Hughes, CPA would appraise Superior. Jedd Wellmaker of Dixon Hughes valued Superior at $400,000, a figure accepted by plaintiff and disputed by defendant. Pursuant to Rule 53 of the North Carolina Rules of Civil Procedure, the trial court appointed a referee, Gary S. Cash, ("Referee Cash") to make findings of the fair market value of marital assets, including Superior, and to recommend an equitable distribution of the marital property.

On 15 and 16 March 2012, Referee Cash held a hearing on the value of the marital property. Based on this hearing, the referee accepted Wellmaker's appraisal of Superior. The

referee's final report (the "Referee's Final Report") adopted Wellmaker's valuation of Superior and recommended that defendant be awarded Superior. Defendant filed written objections to the Referee's Final Report, as to the valuation of Superior and relatedly to the prescribed distributive cash payment.

The matter came on for hearing 6 July 2012 before Judge Knight. After finding that defendant objected to the Referee's Final Report but did not submit evidence or request to be heard, the trial court adopted the report in full on 6 July 2012 (the "equitable distribution judgment"). No transcript of this hearing appears in the appellate record. Although defendant did not properly appeal this order, this Court granted his petition for writ of certiorari on 18 December 2013 to review the equitable distribution judgment.

In her complaint, plaintiff also requested that the trial court award her alimony, claiming that she was a dependent spouse and defendant was a supporting spouse. The matter came on for hearing before Judge Dotson-Smith beginning 12 August 2013. On 25 October 2013, the trial court entered judgment awarding plaintiff alimony in the amount of $1,200 per month for a period of five years (the "alimony order"). Defendant timely appealed this order.

**Arguments**

I.  Adopting the Referee's Final Report

First, defendant contends that the trial court erred in adopting the Referee's Final Report as a final resolution of the equitable distribution claim over his objection.  Specifically, defendant argues that Wellmaker's valuation of Superior should not have been adopted and that the trial court failed to make independent findings and perform independent review of the referee's findings.  We disagree.

A. Valuation

To achieve an equitable distribution under N.C. Gen. Stat. § 50-20, "the trial court is required to conduct a three-step analysis: 1) identification of marital and separate property; 2) determination of the net market value of the marital property as of the date of separation; and 3) division of the property between the parties."  *Burgess v. Burgess*, 205 N.C. App. 325, 330, 698 S.E.2d. 666, 670 (2010).  Defendant challenges step two of the trial court's analysis, arguing that the appraisal of Superior was not supported by the evidence and was not based on a sound method of valuation.  Specifically, defendant contends that the valuation was "highly inflated" and failed to take into account "real life factors."

With regard to the method used to appraise a business for equitable distribution, this Court has held that there is no single best approach to valuation, but that

> approaches courts may find helpful are: (1) an earnings or market approach, which bases the value of the [company] on its market value, or the price which an outside buyer would pay for it taking into account its future earning capacity; and (2) a comparable sales approach which bases the value of the [company] on sales of similar businesses or practices.

*Poore v. Poore*, 75 N.C. App. 414, 419-420, 331 S.E.2d 266, 270 (1985). The standard of review of a trial court's business valuation for equitable distribution is well established: "[O]n appeal, if it appears that the trial court reasonably approximated the net value of the [company] and its goodwill, if any, based on competent evidence and on a sound valuation method or methods, the valuation will not be disturbed." *Poore*, 75 N.C. App. at 422, 331 S.E.2d at 272.

In valuing Superior, the referee considered Wellmaker's testimony, Superior's past earnings, and economic conditions. The evidence, as described in the Referee's Final Report, tended to show yearly gross receipts exceeding $400,000 in all five years leading up to separation. Defendant does not argue that

any evidence was inadmissible but instead opposes Wellmaker's valuation method itself.

The "income approach" used by Wellmaker "normalized the earnings of [Superior] for each year . . . and then employed a capitalization rate to establish what a reasonable investor would pay for the business[.]" After considering other approaches, Wellmaker decided to employ the income approach "because it best captured goodwill."

To controvert Wellmaker's valuation, defendant points vaguely to "economic factors" and his own testimony that he would be willing to sell Superior for $100,000. In *Franks v. Franks*, 153 N.C. App. 793, 795, 571 S.E.2d 276, 278 (2002), this Court rejected a virtually identical argument and upheld the trial court's adoption of an expert's valuation, stating that "in contrast to [defendant's] naked testimony, [plaintiff] presented the testimony of . . . an expert in forensic accounting and business valuation, who provided lengthy testimony . . . ."

While Wellmaker's valuation did not explicitly consider certain economic factors or the value of similar companies, and did not involve the approach approved of by this Court in *Franks*, it is consistent with the first method of approximating

a company's value suggested in *Poore*. Being the product of competent evidence and a sound valuation method, the valuation complied with standards established by law and was properly adopted by the trial court.

B. Independent Findings and Review

Next, defendant contends that the trial court failed to make independent findings and perform independent review of the referee's findings. Specifically, defendant argues that Judge Knight "merely adopted" Referee Cash's findings and conclusions and that she failed to consider the evidence and make her own decisions, a requirement for the trial court when a party has objected to a referee's report. We disagree.

With regard to defendant's contention that the trial court erred by not making its own findings, we note that, pursuant to N.C. Gen. Stat. § 50-20, a trial court is required "(1) to determine which property is marital property, (2) to calculate the net value of the property, . . . and (3) to distribute the property in an equitable manner." *Beightol v. Beightol*, 90 N.C. App. 58, 63, 367 S.E.2d 347, 350 (1988). "The court shall make written findings of fact that support the determination that the marital property . . . has been equitably divided." N.C. Gen. Stat. § 50-20(j) (2013).

Defendant claims that by adopting the referee's findings of fact and conclusions of law, the trial court itself failed to make findings that satisfy *Beightol*. Defendant is correct that the trial court's equitable distribution judgment did not restate all the referee's findings regarding the value and distribution of the marital assets to be divided. However, the trial court expressly adopted and incorporated the findings and conclusions of the referee's report by saying: "the Final Report of Referee should be adopted in whole as a final resolution of the equitable distribution claims of the parties." Thus, the equitable distribution judgment satisfied *Beightol*, and defendant's argument is without merit.

With regard to defendant's claim that the trial court failed to independently review the referee's report when defendant objected, it is well established that

> [w]hen exceptions are taken to a referee's findings of fact and law, it is the duty of the judge to consider the evidence and give his own opinion and conclusion, both upon the facts and the law. He is not permitted to do this in a perfunctory way, but he must deliberate and decide as in other cases, use his own faculties in ascertaining the truth, and form his own judgment as to fact and law. This is required not only as a check upon the referee and a safeguard against any possible errors on his part, but because he cannot review the referee's findings in any other way.

*Thompson v. Smith*, 156 N.C. 345, 345, 72 S.E. 379, 379 (1911). But, "findings of fact made by a referee, in the absence of exceptions thereto, are conclusive[.]" *Keith v. Silvia*, 233 N.C. 328, 333, 64 S.E.2d 178, 183 (1951). If a party objects to any of the referee's findings, the trial court "in the exercise of his supervisory power and under the statute, may affirm, amend, modify, set aside, make additional findings and confirm, in whole or in part, or disaffirm the report of a referee." *Hardaway Contracting Co. v. W. Carolina Power Co.*, 195 N.C. 649, 651, 143 S.E. 241, 242 (1928).

Here, defendant filed written objections to the Referee's Final Report—specifically, defendant objected to the referee's valuation of Superior at $400,000. In addition, defendant objected "but did not request to be heard" on the adoption of the Referee's Final Report at the final equitable distribution hearing before the trial court. However, in order to determine whether the trial court weighed the evidence and conducted any type of an independent review, we would need to review the 6 July 2012 hearing before Judge Knight. Pursuant to Rule 9 of the North Carolina Rules of Appellate Procedure, this Court's review is based "solely upon the record on appeal, the verbatim transcript of proceedings, if one is designated, and any other

items filed pursuant to this Rule 9." "The record on appeal is specifically required to contain so much of the evidence . . . as is necessary for an understanding of all errors assigned, or a statement specifying that the verbatim transcript of proceedings is being filed with the record pursuant to Rule 9(c)(2), or designating portions of the transcript to be so filed." *Tucker v. City of Kannapolis*, 159 N.C. App. 174, 176, 582 S.E.2d 697, 698 (2003). Defendant filed neither a transcript of the hearing nor any documents to enable us to determine the quality and extent of Judge Knight's review of the Referee's Final Report, and she was authorized to wholly adopt it should her own independent review lead to the conclusion that Referee Cash properly valued Superior, *Hardaway*, 195 N.C. at 651, 143 S.E. at 242. Thus, our review is limited solely to the record on appeal, and, as discussed above, we find that Wellmaker's valuation of Superior, which was adopted by the referee and the trial court, was proper. Moreover, "[w]here the record is silent upon a particular point, it will be presumed that the trial court acted correctly in performing his judicial acts and duties." *State v. Fennell*, 307 N.C. 258, 262, 297 S.E.2d 393, 396 (1982). Consequently, since defendant failed to include the transcript of the hearing in the record and we find

nothing in the record to support his assertion that Judge Knight performed only a perfunctory review of the Referee's Final report, we affirm the trial court's equitable distribution.

II. Alimony Award

Next, defendant contends that the trial court committed reversible error in awarding alimony to plaintiff. We disagree.

This Court has held that according to statute, alimony is "comprised of two separate inquiries. First is a determination of whether a spouse is entitled to alimony. . . . If one is entitled to alimony, the second determination is the amount of alimony to be awarded." *Barrett v. Barrett*, 140 N.C. App. 369, 371, 536 S.E.2d 642, 644 (2000) (internal citations omitted).

On appeal, defendant challenges plaintiff's entitlement to alimony but does not contest the amount. Specifically, defendant argues that the trial court erred by concluding as a matter of law that plaintiff is a dependent spouse, that defendant is a supporting spouse, and that an alimony award was equitable.

"The court shall award alimony to the dependent spouse upon a finding that one spouse is a dependent spouse, that the other spouse is a supporting spouse, and that an award of alimony is equitable after considering all relevant factors, including

those set out in subsection (b) of this section." N.C. Gen. Stat. § 50-16.3A(a) (2013). Entitlement to alimony is reviewed de novo. *Barrett*, 140 N.C. App. at 371, 536 S.E.2d at 644.

Under N.C. Gen. Stat. § 50-16.1A(2) (2013), a "Dependent Spouse" is one "who is actually substantially dependent upon the other spouse for his or her maintenance and support or is substantially in need of maintenance and support from the other spouse." "To properly find a spouse dependent the court need only find that the spouse's reasonable monthly expenses exceed her monthly income and that the party has no other means with which to meet those expenses." *Helms v. Helms*, 191 N.C. App. 19, 23, 661 S.E.2d 906, 909 (2008).

Careful review of the evidence in the record indicates that the trial court properly characterized plaintiff as a dependent spouse. Specifically, the record establishes that plaintiff's monthly expenses amounted to $2,615 and her monthly income amounted to $1,179.07. In determining plaintiff's expenses, the trial court did not consider the desired expenditures submitted by plaintiff but properly measured her actual reasonable expenses according to the standard of living established during the marriage. In determining plaintiff's income, the trial court did not include payment from an investment property

received by plaintiff in the equitable distribution because the evidence suggests that such payment does not exceed the monthly mortgage and upkeep costs of the property. The evidence in the record reveals that plaintiff had an income-expenses deficit of $1,410.93 per month. Such is sufficient to demonstrate that plaintiff is a dependent spouse pursuant to N.C. Gen. Stat. § 50-16.1A(2). See *Helms*, 191 N.C. App. at 23, 661 S.E.2d at 909.

"[E]vidence one spouse is dependent does not necessarily infer the other spouse is supporting." *Williams v. Williams*, 299 N.C. 174, 186, 261 S.E.2d 849, 857 (1980). A "Supporting Spouse" is one "upon whom the other spouse is actually substantially dependent for maintenance and support or from whom such spouse is substantially in need of maintenance and support." N.C. Gen. Stat. § 50-16.1A(5) (2013). This Court has held that "[a] surplus of income over expenses is sufficient in and of itself to warrant a supporting spouse classification." *Barrett*, 140 N.C. App. at 373, 536 S.E.2d at 645.

The record supports the trial court's classification of defendant as a supporting spouse. As was found by the trial court, the evidence suggests that defendant's monthly income amounts to $6,381 and that his monthly expenses are less than his monthly income. Specifically, defendant's 2011 tax return

lists his yearly wages at $42,834 and corporate distributions at $33,751. Defendant argues that the trial court erred in determining his monthly income using corporate distributions. In so arguing, he cites *Hill v. Hill*, __ N.C. App. __, 748 S.E.2d 342 (2013), in support of his argument that business distributions are not to be considered income for alimony purposes. However, rather than classification of corporate distributions as income, *Hill* involved classification of business stock for purposes of an equitable distribution. *Hill*, __ N.C. App. at __, 748 S.E.2d at 358. In fact, defendant claimed the corporate distributions as income in his 2011 tax returns. Moreover, defendant's contention that "[o]nce the corporation was awarded to Mr. Stewart in the equitable distribution case, the retained earnings of the corporation were his separate property, not a source of income from which to award plaintiff alimony" is without merit. Here, the trial court did not require that defendant pay alimony out of current retained earnings of Superior awarded to him in the equitable distribution. Rather, it used corporate distributions from 2011 to estimate defendant's future income for the purpose of his classification as a supporting spouse.

The alimony order states that "Defendant listed on said Affidavit individual expenses of $1,461.68 per month; that Defendant's bank statement reflects he does not maintain these expenses through his personal banking account; that the majority of his individual expenses are paid through his corporate bank account and are not paid through his salary[.]" Defendant does not dispute this finding, but rather lists various anticipated costs and argues that his wages are insufficient to meet even his own monthly expenses. However, the record establishes otherwise: defendant's affidavit lists fixed monthly expenses at $2,277.18 and anticipated individual expenses at $3,570.13, but his testimony suggests that Superior pays most of his expenses. Even assuming defendant will incur and personally pay the anticipated expenses, payment would not exceed his monthly income. Under either scenario, defendant had an income-expenses surplus, and the trial court did not err in classifying him a supporting spouse pursuant to N.C. Gen. Stat. § 50-16.1A(5). See *Barrett*, 140 N.C. App. at 373, 536 S.E.2d at 645.

Finally, we consider defendant's argument that an award of alimony was not equitable under the circumstances.

Upon finding the spouses "dependent" and "supporting," alimony must be awarded if such is "equitable after considering

all relevant factors, including those set out in subsection (b) of this section." N.C. Gen. Stat. § 50-16.3A(a) (2013); see also *Rhew v. Rhew*, 138 N.C. App. 467, 470, 531 S.E.2d 471, 473 (2000). However, the trial court is only required to make sufficient findings to indicate that the trial judge properly considered the relevant factors under subsection (b) for a determination of an alimony award. *Rhew*, 138 N.C. App. at 471, 531 S.E.2d at 474. The trial court is not required to set out findings addressing each factor listed in section 50-16.3A(b); however "the court must provide sufficient detail to satisfy a reviewing court that it has considered 'all relevant factors.'" *Id*.

Here, the trial court made extensive findings addressing numerous factors listed under section 50-16.3A(b), including, but not limited to, the standard of living the parties had during their marriage, the relative earnings capacity of each spouse, the amount and source of the parties' earned and unearned income, and the fact that plaintiff primarily worked as homemaker after the birth of their first child. Based on these and numerous other findings, defendant is unable to establish that the trial court erred in concluding that an alimony award in favor of plaintiff was equitable.

## Conclusion

Based on *Poore*, we conclude that the referee's valuation of Superior, which was adopted by the trial court, was proper. Because defendant failed to include a transcript of the 6 July 2012 hearing before Judge Knight and we find no evidence in the record to support his argument that she did not perform her own independent review of the referee's report, we affirm the trial court's equitable distribution order. Moreover, because the evidence established that plaintiff was a dependent spouse, defendant was a supporting spouse, and an award of alimony was equitable, we affirm the trial court's alimony order.

AFFIRMED.

Judges McGEE and ELMORE concur.

Report per Rule 30(e).